**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory David Tamplin,<br><br>         Petitioner,<br><br>vs.<br><br>Ryan Thornell, *et al.*,<br><br>         Respondents. | No. CIV 20-548-TUC-CKJ (EJM)<br><br>**ORDER** |

On May 5, 2023, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R & R") (Doc. 15) in which he recommended that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) filed by Gregory David Tamplin ("Tamplin") be denied as untimely. Tamplin has filed an Objection (Doc. 18) and Respondents have filed a Response (Doc. 19).[1]

*Report and Recommendation*

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's recommendation, then this Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50,

---

[1] As pointed out by Respondents, "Ryan Thornell, the new director of the Arizona Department of Corrections, Rehabilitation, and Reentry, is automatically substituted for his predecessor, David Shinn. *See* Fed. R. Civ. P. 25(d)." Response (Doc. 19, p. 1).

(1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

Moreover, under Fed.R.Civ.P. 72(b), a district court may adopt those parts of a magistrate judge's report to which no *specific objection* is made, provided they are not clearly erroneous. *Thomas*, 474 U.S. at 151-153; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1119 (9th Cir. 2003).

*Factual and Procedural Background*

No specific objection has been made to the factual and procedural background set forth in the Report and Recommendation. The Court adopts the factual and procedural background in the Report and Recommendation.

Additionally, the factual background refers to DNA testing of evidence taken from the scene of the offenses. The evidence collected from the scene included "a section of carpet in the living room with dried blood stains and samples from the blood stains." Response, Ex. E, Appellant's Opening Brief (Doc. 13-1, p. 5), *citing* RT 7-8-09, pp. 112, 115, 122, 126. The collected evidence also included the victim's yellow robe and sexual assault kit. (*Id*. at 6), *citing* RT 7-8-09, pp. 67, 73, 75. DNA testing was subsequently completed on these samples. (*Id*. at 7-8), *citing*, RT 7-9-09 (a.m.), pp. 135-144.

According to Tamplin, other items taken into evidence included a partially smoked cigarette (of a brand not used by either victim), a cup where stolen quarters were stored, a victim's walkman, a victim's fanny pack, and a lighter. DNA testing and fingerprint analysis of these items has not been conducted. Noting Tamplin did not request testing of "newly-discovered evidence," but through a specific post-conviction testing statute, the post-conviction court determined Tamplin was not entitled to the testing of these items because they did not qualify for testing under Ariz.R.Crim.P. 32.12(d)(2).[2]  Response, Ex. V, In

---

[2]Effective January 1, 2020, this provision is found at 32.17(d)(1).

- 2 -

Chambers RE: Petition for Post-Conviction Relief (Doc. 13-2, p. 4). The state appellate court agreed. Response, Ex. DD, Mem. Dec. (Doc. 13-3, p. 3).

*Objection to Report and Recommendation*

Tamplin asserts the Magistrate Judge "does not seem to dispute that trial and PCR counsel rendered deficient performance by failing to request new, further, and independent DNA testing" and "only found that Tamplin's claims are untimely." Objection (Doc. 18, p. 14). In his Objection, Tamplin disagrees and argues the Magistrate Judge erred by not considering the "actual innocence/*Schlup* gateway" to excuse the untimeliness. Obj. (Doc. 18, p. 3); *see also Schlup v. Delo*, 513 U.S. 298 (1995).[3] Additionally, the Petition states:

> Equitable tolling should be applicable as this Petition for Federal Habeas Corpus Relief thereby is filed to the Court to consolidate all grounds to avoid piecemeal litigation. The prison units have been on sporadic lockdowns for the COVID-19 pandemic and security issues which have hindered or impeded access to legal research and preparation of legal pleadings.

Petition (Doc. 1, ECF p. 31). The Court accepts this as an objection to the Magistrate Judge's conclusion Tamplin is not entitled to equitable tolling.

---

[3] It does not appear Tamplin is attempting to state a freestanding actual innocence claim. To any extent he is, the Court finds Tamplin has not met the "extraordinarily high" threshold of a freestanding actual innocence claim. *House v. Bell*, 547 U.S. 518, 555 (2006), citing *Herrera v. Collins*, 506 U.S. 390, 417 (1993). Indeed, as stated by the state post-conviction court: "On review of the case, the Court finds that Petitioner has failed to demonstrate that a reasonable probability exists that he would not have been prosecuted or convicted if exculpatory results had been obtained through DNA testing. The Court further finds that Petitioner has not shown how the requested testing may resolve an issue not resolved by previous testing – on review in the Court of Appeals, the Court there noted that the DNA evidence presented at trial, along with the identification evidence, constituted an 'overwhelming evidence of guilt.' *Arizona v. Tamplin*, 2 CA-CR 2009-0297, pg. 16 (Mem. Dec. 2011). The Court has considered Petitioner's argument that the crime lab did not adhere to its testing procedures. However, the Court finds that Petitioner has not cited to any specific instance or demonstrated how the crime lab results in his case were the result of error." Response, E. V (Doc. 13-2, p. 4); *see also Arizona v. Tamplin*, 2 CA-CR 2019-0054-PR, p. 3 (Mem. Dec. 2019). This Court is not persuaded that Tamplin's speculative evidence satisfies *Herrera*'s "extraordinarily high" standard for a freestanding claim of innocence.

With the exception of this argument, Tamplin has not specifically objected to the findings and conclusions set forth in the R&R. The Court adopts those portions of the R&R not addressing equitable tolling as those portions are not clearly erroneous. Further, the Court recognizes Tamplin's implicit objection that the R&R fails to address his actual innocence as an exception to the statute of limitations.

*Equitable Tolling*

As stated by the Magistrate Judge, Tamplin "'bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.' *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Holland*, 260 U.S. at 649 (quoting *Pace*)" to be entitled to equitable tolling. R&R (Doc. 15, p. 20). Further, in addressing Tamplin's arguments, the Magistrate Judge stated:

> Petitioner references the filing of his second PCR petition and subsequent petition for a State writ of habeas corpus, as well as the avoidance of "piecemeal litigation" as grounds for equitable tolling. Petition (Doc. 1) at 31. Petitioner fails to recognize that the statute of limitations had already run by the time those pleadings were filed in the state court. Petitioner further references the difficulties related to the COVID-19 pandemic as a reason for this Court to equitably toll the statute of limitations. *Id*. He fails to explain how an event that began in 2019 affected his ability to file a petition in this Court in 2013. Petitioner's Petition (Doc. 1) and Reply (Doc. 14) are devoid of any facts to support that he had been pursuing his rights diligently. Furthermore, Petitioner has failed to meet the "very high threshold" of establishing that extraordinary circumstances beyond his control made it impossible for him to timely file a habeas petition and that those extraordinary circumstances were the cause of his untimeliness. *United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). As such, Petitioner is not entitled to equitable tolling[.]

R&R (Doc. 15, pp. 20-21).

Tamplin has not objected to the Magistrate Judge's findings and conclusions that the limitation period, absent tolling, expired on February 18, 2013. A review of the factual and procedural history supports that finding and conclusion. Tamplin's bases for equitable tolling do not arise until well after the limitation period expired. Tamplin has not shown he pursued his rights diligently or that extraordinary circumstances stood in his way to making his claims by the February 18, 2013, deadline. The Court will adopt this portion of the R&R.

- 4 -

*Timeliness of Claim of Actual Innocence*

Respondents assert the Magistrate Judge did not err in not considering the actual innocence gateway equitable exception to the statute of limitations because he did not assert he was entitled to this exception "before now, in his objections to the R&R." Response (Doc 19, p. 3).

Tamplin's Petition asserts there were reasons, based on evidence, that the State should have known he was actually innocent and potentially exculpatory evidence could support his defense of actual innocence and free an innocent person. Petition (Doc. 1, ECF pp. 6, 15, 20). Further, his Reply asserts a "claim[ . . . ] of actual innocence" is cognizable and that exculpatory evidence could prove to the Court he is actually innocent. Reply (Doc. 14, p. 6); his Reply further asserts he has consistently argued he is actually innocent. (*Id*. at 9).

While Tamplin's actual innocence claim lacks "clarity" and is "somewhat convoluted," the Court finds Tamplin included an argument of a *Schlup* actual innocence exception to the statute of limitations in his Petition. *See Prescott v. Santoro*, 53 F.4th 470, 478 (9th Cir. 2022). In other words, this is not an argument raised for the first time in Tamplin's Objection to the R&R.

*Actual Innocence as Exception to Statute of Limitations*

The Supreme Court has stated:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, . . . , or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt" *Schlup [v. Delo]*, 513 U.S. [298,] 329 [(1995)]; *see House [v. Bell]*, 547 U.S. [518,] 538 [(2006)] (emphasizing that Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332.

*McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). This gateway is only applicable when a petitioner "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage

- 5 -

of justice.'" *Schlup*, 513 U.S. at 314-15, *quoting McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). A petitioner must demonstrate factual innocence and "not mere legal insufficiency." *Bousely v. United States*, 523 U.S. 614, 623 (1998).

Furthermore, "[t]o be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Indeed, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327. In fact, the evidence must create a colorable claim of actual innocence; i.e., petitioner "is innocent of the charge for which he [is] incarcerated," as opposed to legal innocence as a result of legal error. *Schlup*, 513 U.S. at 321, *citations omitted*.

Here, Tamplin's claim of actual innocence is not supported by new reliable evidence. At most, testing of evidence may not identify anyone, may identify someone else, or may identify Tamplin. However, even if the evidence did not identify Tamplin or identified someone else, evidence was presented at trial that Tamplin's DNA was found on other items at the scene of the crimes. In fact, "the state presented DNA evidence and identification evidence that together constituted overwhelming evidence of ]Tamplin's] guilt. *State v. Tamplin*, No. 2 CA-CR 2009-0297, 2010 WL 4882023, at *8 (Ariz. App. Nov. 29, 2010).

While impeachment evidence may satisfy the *Schlup* standard if it is so compelling that it 'fundamentally call[s] into question the reliability of [a petitioner's] conviction[,]" *McGiboney v. Yordy*, No. 1:16-CV-00150-REB, 2019 WL 1373645, at *3 (D. Idaho Mar. 26, 2019), *quoting Sistrunk v. Armenakis*, 292 F.3d 669, 676 (9th Cir. 2002), the "exception is not satisfied by evidence that is speculative, collateral, cumulative, or 'insufficient to overcome otherwise convincing proof of guilt.'" (*Id*.), *quoting Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Not only is Tamplin's evidence speculative, but it does not overcome the overwhelming evidence presented at trial. Rather, such evidence would not

"specifically exculpate" Tamplin, *Stewart v. Cate*, 757 F.3d 929, 940 (9th Cir. 2014), and does not meet the threshold requirement "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329. The Court finds Tamplin has not shown actual innocence such that his claims may be excepted from the statute of limitations.

*Denial of Habeas Petition*

Tamplin has failed to show he is entitled to either equitable tolling or a *Schlup* actual innocence exception to the statute of limitations. The Court finds, therefore, the balance of the R&R is not clearly erroneous. The Court overrules Tamplin's objections and adopts the R&R. After an independent review, the Court finds Tamplin is not entitled to habeas relief and will deny the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and Tamplin's request for habeas relief.

*Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*

*v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.; *see also Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007) (failure to object to magistrate judge's conclusions does not automatically waive appellate challenge)  In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the Petition stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural ruling. A COA shall not issue as to Tamplin's claims.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 15) is ADOPTED;

2. Tamplin's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1) and request for habeas relief is DENIED.

3. The Clerk of the Court shall enter judgment and shall then close its file in this matter, and;

4. A Certificate of Appealability shall not issue in this case.

DATED this 6th day of October, 2023.

_____
Cindy K. Jorgenson
United States District Judge